1  UMHOFER, MITCHELL & KING LLP
   Matthew Donald Umhofer (SBN 206607)
2  Elizabeth A. Mitchell (SBN 251139)
   Eugene Lim (SBN 318348)
3  767 S. Alameda St., Suite 270
   Los Angeles, California 90021
4  Telephone: (213) 394-7979
   Facsimile: (213) 529-1027
5  matthew@umklaw.com
   elizabeth@umklaw.com
6  eugene@umklaw.com

7  *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO GARDENS, INC.; VILLA DEL RIO CENTER INC.; WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,<br><br>Defendants. | Case No. 2:21-cv-05265-JFW-ROAx<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**<br><br>Hearing Date: December 30, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br>Judge: John F. Walter<br><br>Pretrial Conf.:   November 11, 2025<br>Trial Date:         November 29, 2025 |

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 30, 2024, at 1:30 p.m., or such other date ordered by the Court, in Courtroom 7A of this Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, California, Defendants William Nelson, Vicki Rollins, Torrance Care Center West, Inc., Glendora Grand, Inc., Centinela Grand, Inc., Long Beach Care Center, Inc., Pacific Villa, Inc., Flower Villa, Inc., Century Villa, Inc., Villa Del Rio Gardens, Inc., Villa Del Rio Center Inc., West Covina Medical Center, Inc., and L.A. Downtown Medical Center, Inc. ("Defendants") will and hereby does move the Court for an order dismissing Plaintiff's Complaint and each claim therein.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Relator failed to serve Defendant within the time proscribed under Fed. R. Civ. P. 4(m). Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, any reply memorandum, the pleadings and filings in this action, and such other matters as may be presented at or before the hearing. Defendants respectfully requests oral argument on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 25, 2024.

Dated: December 2, 2024        Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
Eugene Lim

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Relator was required to serve the complaint on Defendants by July 4, 2024, or at the latest by September 30, 2024, under Federal Rule of Civil Procedure 4(m). Relator failed to do so and cannot demonstrate good cause for its failure because the delay is of its own making. This case should be dismissed without prejudice for failure to timely serve defendants.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Relator filed its Complaint on June 29, 2021. (ECF No. 1.) The federal government investigated Relator's allegations and sought *six* extensions to determine whether to intervene in the lawsuit. (ECF Nos. 10–27.) Ultimately, the government declined to intervene. (Notice of Election to Decline Intervention, Apr. 5, 2024, ECF No. 28.)

That same day, the Court ordered Relator to file a redacted version of the Complaint within 30 days, "which shall then be unsealed and served upon defendants." (Order, Apr. 5, 2024, ECF No. 29.) Relator filed a redacted version of the Complaint on May 3, 2024. (ECF No. 30.) The clerk administratively unsealed the redacted Complaint on July 2, 2024. (See docket text at ECF No. 30.)

On July 3, 2024, then-counsel for Relator, Jeremy Wells, contacted counsel for Defendants requesting acceptance of service on behalf of Defendants. (Declaration of Elizabeth A. Mitchell, hereinafter ("Mitchell Decl.") ¶ 2.) On July 9, 2024, counsel for Relator explained during a phone call that he could not provide an *unredacted* version of the complaint until the U.S. Department of Justice ("DOJ") or Centers for Medicare and Medicaid Services ("CMS") approved due to a limited data usage agreement which prevented disclosure of potential personal identifying information. (Id. ¶ 3.) Counsel for

1

*MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SANCTIONS FOR NON-COMPLIANCE*

Defendants agreed to accept service of the *unredacted* complaint once it was available.[1] (Id.) On July 10, 2024, the parties agreed to a confidentiality stipulation to facilitate the release of the unredacted version of the agreement to Defendants. (Id. ¶ 4.)

Defendants did not hear from Relator again for over two months until September 27, 2024, when new counsel for Relator, Daniel Paluch, contacted defense counsel again requesting acceptance of service on behalf of Defendants. (Id. ¶ 5.) Again, Defendants agreed to accept service of the *unredacted* complaint which Defendants were told was still not available for disclosure. (Id. ¶ 6.) Again, Defendants agreed to a confidentiality stipulation upon representation by Relator that such an agreement would facilitate disclosure of the unredacted complaint. (See Stipulation, Oct. 15, 2024, ECF No. 45.)

Also on September 27, 147 days after filing the redacted complaint and 87 days after the clerk administratively unsealed the redacted complaint, Relator sought issuance of the summons for the first time. (Request for Summons, Sept. 27, 2024, ECF No. 39.) Relator did not serve Defendant William Nelson until November 8, 2024, and even then only with the redacted complaint. (Proof of Service, Nov. 26, 2024, ECF No. 49.) Relator did not serve the Defendant medical facilities until November 15, 2024. (Proofs of Service, Nov. 26 and 27, 2024, ECF Nos. 50-60, 62.) Relator still has not served Defendant Vicki Rollins as of the filing of this motion.

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

---

[1] Defendants declined to accept service of the redacted complaint because they did not want to be in a position to have to respond to an incomplete version of the complaint. Relator agreed that it would be inappropriate for Defendants to have to respond to a redacted complaint, largely because it would make the complaint ripe for a motion to dismiss. Unfortunately, this is the exact position in which Relator has now placed Defendants by ultimately serving the redacted complaint. (See Motion to Dismiss filed concurrently herewith, ECF No. 64.)

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id.

When a plaintiff fails to serve a defendant within the requisite period of time identified by Rule 4(m), the defendant may assert a defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Valdez v. City of Whittier, Case No. 23-cv-4668, 2024 WL 1136322, at *1 (C.D. Cal. Jan. 19, 2024) ("Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss for insufficient service of process. Pursuant to Rule 4(m), upon such motion, if the court determines the defendant has not been served within 90 days after the complaint was filed, the court 'must dismiss the action without prejudice against that defendant . . . .'") (citation omitted); see also James v. County of Sacramento, No. 18-cv-00180, 2022 WL 2533484, at *1 (E.D. Cal. July 7, 2022) (analyzing "Defendants' argument that the case should be dismissed or service should be quashed pursuant to Rule 12(b)(5) due to Plaintiff's failure to serve Defendants under Rules 4(m) and 4(e)(2).").

"Rule 4(m) requires a 'two-step analysis' for determining relief." James, 2022 WL 2533484, at *2 (citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)). First, the district court "must extend the time period" for service on a showing of good cause. James, 2022 WL 2533484, at *2 (citation omitted). Second, if good cause is not established, "the court has the discretion to dismiss without prejudice or to extend the time period." Id. (citation omitted).

## IV. ARGUMENT

By any measure, Relator failed to timely serve Defendants. Moreover, it has failed to adduce any viable excuse for its failure. Accordingly, the Court should decline to exercise its discretion to extend the time limit under Rule 4(m), and this case should be dismissed.

3
*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

**A.     Relator Failed to Effectuate Timely Service**

There is no dispute that Relator has failed to comply with the time requirements of Rule 4(m). Relator's attempts to serve Defendants are thus ineffective.

"With respect to actions brought under the False Claims Act, Rule 4(m)'s 90-day time limit for serving the complaint begins to run from the date the court orders the complaint to be served on the defendant." United States v. Eaton Corp. PLC, Case No. 20-cv-09162, 2024 WL 3529062, at *2 (C.D. Cal. Apr. 17, 2024); see also United States ex rel. Weiner v. Siemens AG, 87 F.4th 157, 162 (2d Cir. 2023); United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 567 (6th Cir. 2022).

Here, Relator's service clock began ticking on April 5, 2024, when the Court ordered Relator to file a redacted version of the Complaint to be served on Defendants. (ECF No. 29.) Relator served Defendant William Nelson on November 8, 2024, and Defendant medical facilities on November 15, 2024 (ECF Nos. 50–60, 62)—far beyond the 90 days required under Rule 4(m) which expired on July 4, 2024. Moreover, as of this date, Defendant Vicki Rollins has not been served.

Relator may argue that its time to serve began on May 3, 2024 when it filed the redacted Complaint (ECF No. 30), or even on July 2, 2024 when the clerk administratively modified the docket to unseal the redacted Complaint. But such argument runs contrary to the plain language of the Court's April 4 Order: "Relator shall have thirty (30) days from the issuance of this Order to file a redacted version of the Complaint, which shall then be unsealed and served upon defendants." (ECF No. 29.) But under the FCA, "Rule 4(m)'s 90-day time limit for serving the complaint begins to run from **the date the court orders the complaint to be served** on the defendant." Eaton Corp. PLC, 2024 WL 3529062, at *2 (emphasis added). Regardless, even if the time for service began to run from one of the two later dates, Relator is still outside the 90-day period: 90 days from May 3 was August 1, and 90 days from July 2 was September 30. Thus, under any calculation, service on Defendants was outside the period mandated by Rule 4(m):

4
*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

| If the time to serve the complaint began on: | Relator was late by: |
|---|---|
| April 5, 2024 | 127 days |
| May 3, 2024 | 99 days |
| July 2, 204 | 39 days |

For over two months, from July 10 to September 27, Relator made no contact at all with Defendants. No request for summons was filed, no further negotiations occurred, and no communications from the government were received. Relator delayed prosecution of its case without excuse. Accordingly, this case is subject to dismissal for ineffective service of process, and the burden is now on Relator to demonstrate good cause for its failures—a burden which Relator has likewise failed to meet.

**B.     Relator Cannot Meet Its Burden to Demonstrate Good Cause for Its Failure to Effectuate Timely Service**

Having failed to timely serve Defendants, Relator cannot meet its burden to demonstrate good cause for its non-compliance with Rule 4(m). The burden of establishing good cause is on Relator. See Boudette v. Barnette, 923 F.2d 754, 755 (9th Cir. 1991). While courts have struggled for a clear definition of good cause, "at a minimum" it "means excusable neglect." Id. at 756. The "good cause" exception to Rule 4(m) applies only in limited circumstances and is not satisfied by oversight, inadvertent error, or ignorance of the governing rules (Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)), clerical oversight or calendaring errors (Moran v. City of Los Angeles, No. 12-cv-09250, 2014 WL 1419555, at *3 (C.D. Cal. Apr. 14, 2014); Dietzmann v. Baca, No. CV 07-07374, 2009 WL 2898811, at *2 (C.D. Cal. Sept. 4, 2009)), or lack of prejudice (United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 773 n.2 (9th Cir. 2004)).

Here, Relator is likely to claim that it was working with Defendants in good faith to accept service of the *unredacted* complaint while simultaneously attempting to work

5
*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

with the DOJ and/or CMS to obtain the government's approval to release the *unredacted* complaint to Defendants. Neither of these facts are disputed by Defendants. But neither do these facts justify the late service upon Defendants of the *redacted* complaint far beyond the 90-day period identified by Rule 4(m). Indeed, in its unilateral scheduling report filed on October 11, 2024, Relator conceded that "Defendants have not yet been served in this case" but claimed the "*unredacted* complaint" could not "be served on Defendants until appropriate confidentiality agreements have been executed, as the *unredacted* Complaint contains confidential data and information protected by a Data Usage Agreement ("DUA") with the Centers for Medicare & Medicaid Services ("CMS")."[2] (Scheduling Conference Report ("Report") at 2, Oct. 11, 2024, ECF No. 44) (emphasis added).

The problem for Relator is that this excuse pertains to only the *unredacted* Complaint. Relator conveniently ignores its failure to serve the *redacted* complaint, which could have been served at any time within the requirements of Rule 4(m). By serving Defendants with the redacted complaint, Relator acknowledged its obligation to do so by court order dated April 4 (ECF No. 29) triggering mandatory service by July 4 (or September 30 at the latest.) Should Relator claim that it was stymied by federal government inaction, that still does not explain or excuse failure to serve the redacted complaint within the operative time period. Indeed, it appears to be Relator's own agreement with the DOJ/CMS[3] which is disrupting service. That Relator entered into an

---

[2] Defendants are skeptical that the alleged DUA is a valid basis for not providing Defendants with an unredacted copy of the Complaint. Relator used data it obtained from CMS to conduct the statistical analyses underlying its claims in this case—but none of said analysis has been redacted from the Complaint. Instead, the redactions appear to be applied to only patient medical data—data that Defendants would already have in their possession. While such information is correctly redacted from public filings, there is no basis for withholding it from Defendants. That said, there is no way to definitively determine whether Relator's representations are true until Defendants—or at least the Court—has had an opportunity to review the DUA in comparison to the information redacted from the Complaint.

[3] Defendants have never seen this agreement but take Relator at its word.

agreement with the government which is apparently preventing it from prosecuting its own case is not "good cause"—it is self-imposed and inexcusable.

Furthermore, Relator represented to the Court that it "anticipate[d] that it require[d] approximately 30-60 additional days to obtain appropriate agreements allowing for the service of the unredacted Complaint" and that "service [would] be completed by notice of acknowledgement and receipt at that time." (Report at 3, ECF No. 44.) Yet, despite these representations, despite on-going communications with Defendants, and despite knowing that time for service had long expired, Relator unilaterally reversed course and served the redacted Complaint. Relator failed to obtain leave of court to effect untimely service. Relator also failed to offer the professional courtesy of giving Defendants' counsel notice that it intended to serve their clients with the redacted complaint directly, instead causing an unexpected and disruptive visit to Defendant's Nelson's personal residence and interrupting other business activities at Defendants' facilities. At no point have Defendants evidenced an intent to evade service and such "gotcha" tactics were completely unnecessary. (Mitchell Decl. ¶ 7.)

In sum, Relator's only excuse for the delay in service relates to its efforts to serve an *unredacted* Complaint; it says nothing of the delay in serving the redacted Complaint that was filed on May 3, 2024. And Relator's delay in serving the unredacted complaint is self-imposed in (apparently) entering into a too-strict agreement with the federal government. As such, Relator simply cannot show good cause for failing to comply with Rule 4(m) after many months of inactivity punctuated by a unilateral change in direction that ran contrary to its established representations to the Court and Defendants' counsel. Likewise, on these facts, the Court should decline to use its discretion to extend the time to serve, and it should dismiss this case.

**C.     The Court Should Not Exercise Its Discretion to Extend the Time for Relator to Serve Defendants**

The Court should not exercise discretion to extend the time under Rule 4(m) because Relator cannot proffer any valid excuse for the delay in service and because the statute of limitations has not yet run on its claims.

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)." to apply regarding the exercise of discretion. In re Sheehan, 253 F.3d at 513. Rather, "to help determine whether there is excusable neglect or whether the court should exercise its discretion, the court considers factors such as: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice to the defendants because of the delay; and (4) any prejudice to the plaintiff if the case were to be dismissed." James, 2022 WL 2533484, at *2 (citing Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007); Boudette, 923 F.2d at 756).

Here, as discussed supra, Relator cannot show any justiciable excuse for the significant delay in serving Defendants with the redacted Complaint. Failure to meet this burden "weighs heavily" against Relator. James, 2022 WL 2533484, at *4.

Relief under Rule 4(m) may be justified if the applicable statute of limitations would bar the re-filed action. See Fed. R. Civ. P. 4, advisory committee note to 1993 Amendments, subdivision (m). This is because, "unlike a statute-of-limitations standard, the standard for permissibly expanding the period of service under Rule 4(m) has embedded within it a concern for prejudice to the movant." Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009).

This concern is not present, however, in this case. Under 31 U.S.C. § 3731(b), an FCA claim "may not be brought—

> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official

8
*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last." Id.

Here, the relevant time period for the operative complaint is up to 2020, though Relator also suggests that the alleged fraud may be continuing through the present. (Compl. ¶ 9, May 3, 2024, ECF No. 30.) As such, even if the Court dismisses the case, Relator is still within the time to re-file its claims if it so chooses.

## V. CONCLUSION

For the reasons set forth above, Relator cannot establish any good cause for its failure to timely serve Defendants. Similarly, because Relator would not be prejudiced by dismissal since the statute of limitations has not run on its claims, this Court should decline to exercise its discretion to *post hoc* extend the time for Relator to serve Defendants.

Dated: December 2, 2024　　　　　　　Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
Eugene Lim

*Attorneys for Defendants*

9
*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies the brief contains 2,807 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 2, 2024          Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
Eugene Lim

*Attorneys for Defendants*