GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION
Daniel R. Paluch (SBN 287231)
Daniel B. Lifschitz (SBN 285068)
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone: (310) 556-4660
Facsimile: (310) 556-8945
dpaluch@ghplaw.com
dlifschitz@ghplaw.com

*Attorneys for Plaintiff and Relator*

UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
Eugene Lim (SBN 318348)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
elizabeth@umklaw.com
eugene@umklaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO GARDENS, INC.; VILLA DEL RIO CENTER INC.; WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,<br><br>Defendants. | Case No. 2:21-cv-05265-JFW-ROAx<br><br>**JOINT RULE 26(F) REPORT**<br><br>Judge: Hon. John F. Walter<br><br>Complaint Filed:  June 29, 2021<br>Trial Date:           July 29, 2025 |

By and through their attorneys of record, Plaintiff and Relator Integra Med Analytics LLC ("Plaintiff," "Relator," or "Integra"), on the one hand, and Defendants William Nelson, Torrance Care Center West, Inc., Glendora Grand, Inc., Centinela Grand, Inc., Long Beach Care Center, Inc., Pacific Villa, Inc., Flower Villa, Inc., Century Villa, Inc., Villa Del Rio Gardens, Inc., Villa Del Rio Center Inc., West Covina Medical Center, Inc., and L.A. Downtown Medical Center, Inc. (collectively, "Defendants" or "RollinsNelson"), on the other hand, "), hereby submit this Rule 26(f) Joint Scheduling Report following the conference of counsel required by Fed. R. Civ. Proc. Rule 26(f) and Local Rule 26-1, which took place on January 27, 2024.

### 1. Jurisdiction and Service

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 because this matter arises under the provisions of the False Claims Act ("FCA") (31 U.S.C. §§ 3729-3733). All Defendants other than Vicki Rollins have been served with Integra's redacted Complaint. On January 27, 2025, the Court extended the time for Integra to serve its unredacted complaint upon Defendants to February 27, 2025. ECF No. 90. Integra is currently in communication with Tonya Keusseyan, Senior Counsel at the United States Department of Health & Human Services ("HHS"), Office of Inspector General ("OIG"), and Office of Counsel to the Inspector General ("OCIG") regarding obtaining necessary consents from the Centers for Medicare & Medicaid Services ("CMS") to so serve the unredacted Complaint. On February 10, 2025, Ms. Keusseyan confirmed that the approvals process was moving forward with contacts at the Office of the General Counsel ("OGC") and CMS.

### 2. Statement of the Case

Integra initiated this qui tam matter on June 29, 2021. ECF No. 1. On April 5, 2024, the government filed a notice of election to decline intervention. ECF No. 28.

Because three paragraphs of the Complaint contain confidential information regarding Medicare patients obtained through a Data Use Agreement ("DUA") between

Integra and CMS, the Court ordered Integra to file a redacted version of the Complaint. ECF No. 29. Integra filed the redacted Complaint on May 3, 2024. ECF No. 30.

On September 19, 2024, the Court issued a minute order setting a Scheduling Conference for October 28, 2024 and ordering the parties to file a Joint Report on or by October 11, 2024. ECF No. 37. Because Defendants had not yet been served in the case, Integra did not hold a Rule 26 conference with Defendants. ECF No. 44:2-3. Therefore, Integra elected to file a unilateral report explaining the circumstances that were complicating preparation of a typical Joint Report. *See generally* ECF No. 44.

On October 15, 2024, the Court took the October 28, 2024 Scheduling Conference off calendar and issued a case management schedule with the following dates:

- Discovery cut-off: May 12, 2025
- Last day for hearing motions: June 2, 2025
- First batch of pre-trial documents due: June 25, 2025
- Second batch of pre-trial documents due: July 11, 2025
- Hearing on motions in limine and disputed jury instructions: July 18, 2025
- Trial (estimated length of four days): July 29, 2025

ECF No. 47. Integra proceeded to personally serve all Defendants other than Vicki Rollins with the redacted Complaint by November 8, 2024. ECF No. 48. As of the date of this filing, Vicki Rollins has not yet been served in this litigation.

On December 23, 2024, Defendants filed motions to dismiss the Complaint pursuant to Fed. R. Civ. Proc. Rules 12(b)(5) and 12(b)(6) (the "Motions"). ECF Nos. 74-75. On January 27, the Court denied the Motions in full. ECF Nos. 89-90.

### 3. Issues of Law

The parties dispute the following issues: (1) whether, in fact, Defendants submitted any false claims for payment to the Medicare program (31 U.S.C. § 3729(a)(1)(A)), caused any false claims to be submitted to the Medicare program (31 U.S.C. § 3729(a)(1)(B)), knowingly made or concealed a false record to avoid obligation to pay the government (31 U.S.C. § 3729(a)(1)(G)), conspired to submit any

false claims to the Medicare program (31 U.S.C. § 3729(a)(1)(C)), or violated the federal Anti-Kickback Statute (42 U.S.C. § 1320a-7b) and the Stark Law (42 U.S.C. § 1395nn); (2) whether Integra's California False Claims Act (Cal. Gov't Code § 12651(a)) claims fail for the same reasons as its FCA claims; (3) whether the entire FCA action should be barred under the public disclosure bar because it is based on substantially the same allegations or transactions that have already been publicly disclosed through government reports, hearings, investigations, or the media; (4) whether the analysis performed by Integra is sufficient to qualify Integra as an original source under the FCA; (5) whether the FCA action is barred under the first-to-file rule, because Relator filed the lawsuit when another relator already filed a pending lawsuit based on the same underlying facts; (6) whether "reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member" under 42 U.S.C. § 1395y(a)(1)(A), requires that a relator plead supporting facts beyond mere differences of opinion—such as hospital criteria, medical records contradicting diagnoses, and firsthand observations of fraudulent practices—to allege doctors knowingly submitted fraudulent claims, thereby granting physicians a rebuttable presumption of validity as to their medical certifications pursuant to *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) (7) whether Integra pleads a plausible FCA claim given the existence of an obvious alternative explanation for Integra's allegations besides fraud; or (8) whether Integra pleads sufficient facts to allege an FCA claim under Federal Rule of Civil Procedure 9(b).

### 4. Damages

Integra seeks (1) statutory damages and penalties as allowed by law (including treble damages, a civil penalty of between $11,803 and $23,607 per violation of 31 U.S.C. § 3729 and Cal. Gov't Code § 12651(a), and the maximum amount allowed under 31 U.S.C. § 3730(d) and Cal. Gov't Code § 12652(g)), and (2) all costs and expenses, including attorneys' fees, with pre-judgment and post-judgment interest.

5. **Insurance**

Defendants are not aware of any applicable insurance coverage for this matter at this time.

6. **Motions**

Defendants anticipate filing a request to certify the Court's order denying their motion to dismiss for failure to state a claim (ECF No. 74) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants reserve the right to file any dispositive or procedural motions as appropriate, including motions under Rules 12 and 56, as well as any other motions that may be warranted as the case progresses. Integra anticipates filing a motion to amend the current scheduling order in the event that the Court is not inclined to so amend the scheduling order based upon the contents of this Report.

7. **Discovery**

The parties anticipate exchanging initial disclosures pursuant to Fed. R. Civ. Proc. 26(a) without the need for any proposed changes. In light of the pending completion of service of the unredacted Complaint, the parties have yet to conduct discovery. The parties anticipate serving written discovery (Interrogatories, Requests for Production of Documents, Requests for Admission) and taking fact and expert witness depositions.

The parties contemplate, without conceding objections as to, *inter alia,* relevance or admissibility, the following subjects for discovery, including but not limited to:

- Defendants' documents related to the data provided by CMS.
- Defendants' documents related to patient admission policies and policies related to patient referrals.
- Treatment-related policies and procedures.
- Witnesses to the conduct alleged in Integra's Complaint.
- Integra's communications with government agencies and third parties.
- Documents and communications related to Integra's financial statements and funding sources.

- Documents and communications related to Integra's access to and use of CMS data.
- Full set of CMS data allegedly used to run calculations
- Documents and communications related to Integra's methodology for data analysis and assumptions used.
- Medical records, communications, and other documents in Integra's possession related to Integra's allegations.
- Documents and communications related to statements from Defendants' former and current employees.
- Integra's documents and communications related to its motive and financial interest in the litigation.
- Integra's documents and communications related to its potential bias and conflicts of interest in its analysis.
- Integra's documents and communications related to whether CMS continued paying claims despite its allegations.
- Integra's documents and communications related to whether it misused or improperly accessed data.

The parties do not currently anticipate the following, but reserve the right to address these or other issues as necessary: (1) any changes in the timing, form, or requirement for disclosures under Rule 26(a); (2) any need to conduct discovery in phases or be limited to or focused on particular issues; (3) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (4) any issues about claims of privilege or of protection as trial-preparation materials; (5) any changes in the limitations on discovery imposed under the relevant rules, or other limitations to impose; or (6) any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties disagree regarding whether the current scheduling order should be amended in order to provide additional time to conduct discovery.

***Plaintiff's Position:*** Because the Court's initial scheduling order (ECF No. 47) was issued before Defendants had been served or participated in the processes required under Federal Rule of Civil Procedure 26(f), and before Integra could have proposed a case schedule, and because Integra is in the middle of obtaining approval to serve the unredacted Complaint upon Defendants (see §1, *supra*), Integra respectfully requests that the current case deadlines be modified to provide for the following schedule:

| **Scheduling Order Event** | **Current Date** | **Proposed Date** |
| --- | --- | --- |
| L/D to serve unredacted Complaint | 2/27/2025 | 3/27/2025 |
| L/D to conduct settlement conference/mediation | 4/14/2025 | 10/13/2025 |
| L/D to file joint report re: settlement/mediation | 4/18/2025 | 10/17/2025 |
| Discovery cut-off | 5/12/2025 | 11/10/2025 |
| L/D for hearing motions | 6/2/2025 | 12/1/2025 |
| Submit first pre-trial documents | 6/25/2025 | 1/7/2026 |
| Pre-trial conference | 7/11/2025 | 1/23/2026 |
| Hearing on MILs/disputed jury instructions | 7/18/2025 | 1/30/2026 |
| July trial | 7/29/2025 | 2/10/2026 |

The foregoing would allow for approximately 7.5 months of discovery[1] after anticipated service of the unredacted complaint, which aligns with prior scheduling orders in similar matters brought by Integra while avoiding scheduling critical pre-trial matters too close to the winter holiday period. *See, e.g., U.S. ex rel Integra v. Lauper et al*, Case No. 7:17-cv-09424-CS-JCM (S.D.N.Y.), Dkt. 144 (standing order provided approximately 7.5 months for document discovery from its issuance on 11/14/22 to cut-off on 6/30/2023); *U.S. ex rel Integra v. Creative Solutions in Healthcare, Inc.,* Case No.

---

[1] Integra disputes Defendants' contention that discovery could have begun months ago, as, subject to limited exceptions not applicable here, Fed. R. Civ. Proc. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," which was only satisfied in this case as of January 27, 2025. Moreover, Defendants did not file an answer until February 10, 2025, prior to which Defendants sought to dismiss the Complaint for insufficient service of process.

5:17-cv-01249-XR (W.D. Tex.), Dkt. 125 (scheduling order provided approximately 10 months for discovery from its issuance on 11/22/22 to cut-off on 10/1/2023).

*Defendants' Position:* Relator has had nearly four (4) months since the initial discovery order was issued, and three (3) months since Defendants were served, to begin discovery. Yet Relator has served no discovery to date, in violation of section 4(b) of the Court's standing order. Defendants are prepared to proceed under the current scheduling order, but ultimately defer to the Court's discretion in setting case deadlines in a manner that is fair, efficient, and consistent with the just, speedy, and inexpensive determination of this action, in accordance with Federal Rule of Civil Procedure 1.

## 8. Alternative Dispute Resolution (ADR)

The parties discussed mediation during their Rule 26(f) conference on January 27, 2025, as well as during their Local Rule 7-3 meet-and-confer regarding contemplated motions for interlocutory appeal (by Defendants) and to modify the current scheduling order (by Plaintiff). The parties prefer to use a court-provided mediator at this time.

## 9. Trial

*Plaintiff's Position:* Integra believes that the current estimated trial length of four (4) days provided in the Court's prior scheduling order, issued without the benefit of a full joint report, should be amended to reflect an estimated trial length of 10 days. Integra has demanded a jury trial. Integra has also expressed a willingness to try this case before a magistrate judge. Daniel R. Paluch and Daniel B. Lifschitz will try the case on behalf of Integra.

*Defendants' Position:* Defendants estimate five (5) days for trial. Defendants do not consent to proceed to trial before a magistrate judge at this time. Matthew D. Umhofer, Elizabeth A. Mitchell, and Eugene Lim will try the case on behalf of Defendants.

## 10. Special Requests/Other Issues

a. *Independent Expert or Master:* The parties do not believe this case requires the appointment of a master or independent expert.

    **b. Manual for Complex Litigation:** The parties do not believe this case requires use of the procedures of the Manual for Complex Litigation in whole or part.

    **c. Other Issues:** The parties do not believe any other issues affecting case management are implicated at this time.

Dated: February 10, 2025    Respectfully submitted,

/s/ Daniel R. Paluch
GIPSON HOFFMAN & PANCIONE
Daniel R. Paluch
Daniel B. Lifschitz

*Attorneys for Plaintiff and Relator*

Dated: February 10, 2025

/s/ Matthew Donald Umhofer
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
Eugene Lim

*Attorneys for Defendants*

## ATTORNEY ATTESTATION

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 10, 2025    Respectfully submitted,

/s/ Daniel R. Paluch
Daniel R. Paluch

*Attorneys for Plaintiff and Relator*

4930-9700-7897, v. 6