# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel,* INTEGRA MED ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO WINTER, INC.; VILLA DEL RIO CENTER, INC.: WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,<br><br>Defendants. | Case No.: 2:21-cv-05265-JFW-RAOx<br><br>**STATEMENT OF DECISION DENYING DEFENDANTS' MOTION TO CERTIFY JANUARY 27, 2025 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND FOR STAY** |

**CIVIL MINUTES -- GENERAL**

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING DEFENDANTS' MOTION TO CERTIFY JANUARY 27, 2025 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND FOR STAY [filed 2/26/25; Docket No. 100]**

On February 26, 2025, Defendants William Nelson, Torrance Care Center West, Inc., Glendora Grand, Inc., Centinela Grand, Inc., Long Beach Care Center, Inc., Pacific Villa, Inc., Flower Villa, Inc., Century Villa, Inc., Villa Del Rio Gardens, Inc., Villa Del Rio Center Inc., West Covina Medical Center, Inc., and L.A. Downtown Medical Center, Inc. (collectively, "Defendants") filed a motion to certify the Court's January 27, 2025 order, which denied Defendants' motion dismiss Plaintiff and Relator Integra Med Analytics LLC's ("Integra") Complaint under Fed. R. Civ. P. 12(b)(6), for interlocutory appeal under 28 U.S.C. § 1292(b), as well as to obtain a stay of proceeding pending this appeal. Docket No. 100 ("Motion" or "Mot."). On March 10, 2025, Integra filed its Opposition. Docket No. 103 ("Opposition" or "Opp."). On March 17, 2025, Defendants filed a Reply ("Reply"). Docket No. 108. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The Court has previously discussed the facts and background of this case in its Order Denying Defendants' Motion to Dismiss Relator's Complaint Under Federal Rule of Civil Procedure 12(b)(6) dated January 27, 2025. Docket No. 89, indexed at *United States of Am. ex rel. Integra Med. Analytics LLC v. Nelson*, No. CV 21-5265-JFW(RAOx), 2025 U.S. Dist. LEXIS 15258 (C.D. Cal. Jan. 27, 2025) ("*Nelson*"). In this *qui tam* action, Integra alleges that it has uncovered a "patient recycling scheme" intended to defraud Medicare and Medi-Cal being perpetrated by a series of hospitals and skilled nursing facilities ("SNFs") owned by Defendants

Vicki Rollins[1] and William Nelson ("Rollins Nelson"). *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *3. Integra came to its conclusions after analyzing data related to Defendants' operations from 2014 to 2020 provided by the United States Centers for Medicare & Medicaid Services ("CMS") under a Data Use Agreement ("DUA") and interviewing former employees of Defendants regarding their operations. *Id.*

On December 23, 2024, Defendants filed a motion to dismiss Integra's Complaint under Fed. R. Civ. P. 12(b)(6). Docket No. 74. First, Defendants argued that Integra's claims were foreclosed by the first-to-rule doctrine due to the existence of prior *qui tam* litigation filed over other Rollins Nelson facilities, *United States of America ex rel Winter v. Gardens Regional Hospital and Medical Center Inc et al*, Case No. 2:14-cv-08850-JFW-E (C.D. Cal.) ("*Winter*"). *Id.* at 4:3-6:26. Second, Defendants argued that Integra's claims were also foreclosed by the public disclosure bar due to both *Winter* and the nature of CMS's data. *Id.* at 7:1-12:13. Third, Defendants argued that they possessed an "obvious alternative explanation" for Integra's allegations that rendered Integra's claims implausible at the pleading stage. *Id.* at 12:14-18:18. Fourth, Defendants argued that intervening Supreme Court precedent required deference to physician certifications of medical necessity at the pleading stage. *Id.* at 18:19-21:16. Fifth, Defendants argued that Integra failed to plead fraud (*id.* at 22:1-24:9), violations of the Stark Law and Anti-Kickback Statute (*id.* at 24:10-25:3), or conspiracy (*id.* at 25:6-19) with sufficient particularity.

On January 27, 2025, the Court denied Defendants' motion. Docket No. 89 (the "Order"). The Court found the *Winter* litigation to be substantially narrower in scope than Integra's allegations and thus insufficient to trigger the first-to-file doctrine or public disclosure bar. *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *9-17. The Court also held that CMS's data did not trigger the public disclosure bar because Integra's claims were not "directly claim[ed]" or "readily inferred" from CMS's

---

[1] Vicki Rollins did not join in Defendants' Motion, as she was not served with Integra's unredacted Complaint until March 13, 2025. Docket No. 109, ¶ 6.

data, but rather through "Integra's extensive data analysis, its interviews of Rollins Nelson staff, and investigation of Rollins Nelson patients' cases" that "provide[d] the missing pieces of [Defendants'] alleged fraudulent scheme." *Id.* at *17-18. Finally, the Court concluded Integra had carried its pleading burden under Federal Rules of Civil Procedure 8 and 9(b), and that Defendants' remaining arguments were more appropriately resolved on a motion for summary judgment. *Id.* at *18.

Defendants now ask the Court to certify the Order for interlocutory appeal to the Ninth Circuit on five different grounds under 28 U.S.C. § 1292(b).

## II.     LEGAL STANDARD

A district judge may certify for immediate appeal an otherwise unappealable interlocutory order only if (1) "such order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because § 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *see also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (noting that § 1292(b) is meant "to be used only in exceptional situations"). Certification under § 1292(b) "requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"The moving party bears the burden of demonstrating these prerequisites, and that burden is a heavy one." *Demartini v. Demartini*, No. 2:14-cv-02722-DJC-CKD, 2024 WL 2848354, at *1 (E.D. Cal. June 4, 2024) (citing *Couch*, 611 F.3d at 633). "Even where the party seeking to certify an issue for interlocutory review meets its burden to show that each of the three requirements are satisfied, 'a district court's decision to grant or deny certification is entirely discretionary.'" *Doe v. Meta Platforms, Inc.*, No. 22-cv-03580-WHO, 2024 WL 4375776, at *1 (N.D. Cal.

Oct. 2, 2024) (quoting *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020)).

## III. DISCUSSION

Defendants request the Court certify its Order for immediate interlocutory appeal to resolve five issues: (1) whether data disclosed by the federal government constitutes a "source" of public disclosure under the False Claims Act; (2) whether the False Claims Act's public disclosure bar applies to a case in which a relator merely applied expertise and analysis to publicly disclosed data; (3) whether fraud must be "obvious" from public sources—rather than reasonably inferable—to trigger the public disclosure bar; (4) whether the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires a district court to re-evaluate deference to an agency interpretation of a statute forming the basis of FCA claims; and (5) whether a district court must analyze and resolve the existence of an obvious alternative explanation at the pleading stage under Rule 12(b)(6), rather than deferring its analysis to summary judgment. *See* Mot. at 3:18-4:5.

**A. Issue No. 1 (Public Disclosure vis-a-vis Government Data)**

In its Order, the Court held that "the mere existence of raw data such as that provided by CMS prior to a relator's correlation of its significance is not a de facto public disclosure" of the claims upon which a *qui tam* action is based where the data does not "either directly claim that defendants committed the alleged fraud or disclose facts from which the fraud can be readily inferred." *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *17 (citing *Silbersher v. Valeant Pharms. Int'l*, 89 F.4th 1154, 1167-68 (9th Cir. 2024)). The Court reasoned that Defendants' alleged fraudulent scheme was neither directly claimed by nor readily inferred from CMS's data alone, but rather in combination with "Integra's extensive data analysis, its interviews of Rollins Nelson staff, and investigation of Rollins Nelson patients' cases," which "provide the missing pieces of the alleged fraudulent scheme." *Id.* at *19.

Defendants isolate the Court's statement that CMS's data "is not a de facto

public disclosure" and argue that it conflicts with district court opinions holding that CMS data is "publicly disclosed in a federal report within the meaning of the FCA." Mot. at 5:3-21. However, Defendants have misunderstood the Court's decision. As noted in Defendants' motion to dismiss: "A public disclosure occurs when three factors are met: '(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed." Docket No. 74 at 7:6-10 (quoting *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016)).[2] Defendants argued that CMS's data was a public disclosure of Integra's claims because "the claims data itself reveal both the X and Y—the 'misrepresented X' of RollinsNelson's claims of medical necessity because its facilities are outliers and the 'true state of affairs Y' being the non-outlier facilities apparently demonstrating true medical necessity, which Integra says demonstrates the Z of alleged fraud." *Id.* at 9:27-10:3. The Court disagreed, finding that CMS's data, when viewed in isolation, did not reveal the totality of elements upon which Integra's claims are based and therefore did not satisfy the third prong of the public disclosure bar. *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *17-18.

The Court's finding that CMS's data "is not a de facto public disclosure" where it does not satisfy the "based upon" element of the public disclosure bar is a correct statement of the law and does not provide a basis for interlocutory appeal.

---

[2] Defendants appear to backtrack on this position and argue that a "public disclosure" occurs when only the first *two* elements are satisfied, such that by accepting Defendants' initial framing of the standard, the Court misstated the law. Reply at 3 fn.1. Defendants' semantical argument is not persuasive, as numerous courts have referred to the satisfaction of all three elements as what constitutes public disclosure under the FCA. *See United States v. Orthopedic All., LLC*, No. CV 16-3966 MWF (SKx), 2020 WL 6151084, at *4 (C.D. Cal. July 13, 2020) ("A public disclosure occurs when the following three factors are satisfied…"); *United States, ex rel. 3729, LLC v. Express Scripts Holding Co.*, No. 19-CV-1199 TWR (WVG), 2023 WL 4056042, at *9 (S.D. Cal. June 16, 2023) ("Public disclosure under either version of the statute requires that 'three things are true…'"), reversed on other grounds, 2025 WL 383801 (9th Cir. Feb. 4, 2025); *United States ex rel. Switzer v. Wood*, No. CV 18-08118-CJC (ASx), 2023 WL 6370877, at *4 (C.D. Cal. Aug. 10, 2023) (same).

*United States ex rel. Ling v. City of L.A.*, No. CV 11-974 PSG (JCx), 2019 WL 6971061, at *3 (C.D. Cal. Oct. 2, 2019) ("a party presents a controlling legal question when it alleges that a court articulated an incorrect legal standard."). At no point did the Court determine that CMS's data fails to satisfy the first two elements of the public disclosure bar, and Defendants' argument to the contrary "misstates the holding in the order issued by the Court." *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221-SI, 2015 WL 4463923, at *3 (N.D. Cal. July 21, 2015) (denying certification where proposed questions are "inaccurate reflections" of the court's holding). Accordingly, because the Court did not decide Defendants' motion to dismiss based on this question, certification would not materially affect the outcome of this case. *See Pac. Premier Bancorp, Inc. v. Zurich Am. Ins. Co.*, No. SACV 22-00842-CJC (DFMx), 2022 WL 22835204, at *4 (C.D. Cal. Dec. 29, 2022).

Even if Defendants had properly identified a controlling question of law, they have not demonstrated a substantial ground for difference of opinion, as they rely exclusively on district court decisions to carry their burden. Mot. at 5:3-21; Reply at 2:21-3:2. "A substantial ground for difference of opinion generally exists only where 'the *circuits* are in dispute on the question and the court of appeals of the circuit has not spoken on the point.'" *Wang v. Zymergen Inc.*, No. 21-cv-06028-PCP, 2024 WL 5116962, at *5 (N.D. Cal. Dec. 16, 2024)[3] (quoting *Couch*, 611 F.3d at 633); *Higginbottom v. Dexcom, Inc.*, No. 24-cv-0195-WQH-BLM, 2024 WL 4547017, at *3 (S.D. Cal. Oct. 22, 2024) (noting the Ninth Circuit "has 'never suggested a split between or among district courts' could satisfy the standard for interlocutory appeal under § 1292(b)") (quoting *Cadena v. Polaris Indus. Inc.*, No. 3:23-cv-00443-YY, 2023 WL 11867112, at *1-2 (D. Or. Oct. 10, 2023)).

---

[3] Defendants cite *Wang* as purportedly "acknowledging that 'a split on an issue among district courts' can 'justify interlocutory appeal.'" Reply at 3:3-6. In fact, *Wang* holds that "[a] split on an issue among district courts is rarely substantial enough on its own to justify interlocutory appeal." *Wang*, 2024 WL 5116962, at *5. The decision identifies no prior cases wherein a district court split was ever held sufficient under § 1292(b) and ultimately denies the motion to certify. *Id.* at *7.

1   Defendants cite to *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th
2   Cir. 2011) for the proposition that the existence of conflicting authorities is not
3   strictly necessary to demonstrate substantial ground for difference of opinion. Reply
4   at 3:6-10. However, *Reese* calls for the existence of "novel and difficult questions
5   of first impression" as a substitute for the presence of such conflicting authorities.
6   *Reese*, 643 F.3d at 688 (quoting *Couch*, 611 F.3d at 633). Here, Defendants admit
7   their question does not present an issue of first impression. *See* Reply at 2:21-22
8   ("This Court's decision contrasts with other courts' decisions on this point.").

9   Because Defendants have not carried their burden on the first two factors for
10  interlocutory appeal, "it follows that [they] cannot satisfy the third factor."
11  *Sateriale v. R.J. Reynolds Tobacco Co.*, No. 2:09-cv-08394-CAS(SSx), 2015 WL
12  3767424, at *4 (C.D. Cal. June 17, 2015). Expedited appeal of a question that, as
13  previously discussed, does not materially affect the outcome of this case cannot
14  "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

15  Accordingly, the Court **DENIES** certification of this issue.

16  **B. Issue No. 2 (Public Disclosure vis-à-vis Data Analysis)**

17  In its Order, the Court also found that Integra avoided the public disclosure
18  bar by employing "extensive data analysis" to reveal the details of Defendants'
19  alleged fraudulent patient recycling scheme. *Nelson*, 2025 U.S. Dist. LEXIS 15258,
20  at *18. The Court relied upon the Ninth Circuit's recent decision in *Silbersher*,
21  which held that under the current version of the public disclosure bar (as amended
22  by Congress in 2010), a relator may carry their burden through taking "scattered
23  qualifying public disclosures" and "fill[ing] the gaps by stitching together the
24  material elements of the allegedly fraudulent scheme." *Silbersher*, 89 F.4th at 1168;
25  *see also id*. at 1169 ("It is the combination of disclosures and conduct alleged in
26  Silbersher's complaint that bring together the constituent elements of fraud.").

27  Defendants argue that whether Integra's data analysis suffices to avoid the
28  public disclosure bar should be certified for interlocutory appeal. Mot. at 7:3-9:11.

While framed as a pure question of law, Defendants' core contention appears to be that the Court misunderstood and misapplied *Silbersher* to the facts of Integra's case. *See* Mot. at 8:17-22. Defendants cite numerous paragraphs from Integra's Complaint and the complaint in *Winter* to argue the facts of this case "differ[] starkly" from those of *Silbersher*. Mot. at 8:23-9:11. This fact-intensive grounding renders Defendants' question inappropriate to certify for interlocutory appeal. *See A.B. By & Through Turner v. Google LLC*, No. 5:23-CV-03101-PCP, 2024 WL 4933345, at *3 (N.D. Cal. Dec. 2, 2024) ("Interlocutory appeal is generally appropriate only for questions that 'the court of appeals can decide quickly and cleanly without having to study the record.'") (quoting *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012)); *Belin v. Starz Ent., LLC*, No. 2:21-cv-09586-FWS-PLA, 2024 WL 5185313, at *4 (C.D. Cal. Oct. 25, 2024) ("whether the district court properly applied settled law to the facts or evidence of a particular case" is "[t]he antithesis of a proper § 1292(b) appeal.") (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)).

Defendants attempt to show that the law in this area is not settled by raising an alleged conflict between *Silbersher* and *A-1 Ambulance Serv. v. California*, 202 F.3d 1238, 1244 (9th Cir. 2000). Mot. at 7:3-8:22. In *A-1 Ambulance Serv.*, the Ninth Circuit held that "[i]f a relator merely uses his or her unique experience or training to conclude that the material elements already in the public domain constitute a false claim, then a qui tam action cannot proceed." 202 F.3d at 1245 (quoting *United States ex rel. Findley v. FPC–Boron Employees' Club*, 105 F.3d 675, 688 (D.C. Cir. 1997)). However, as Integra points out, *A-1 Ambulance Serv.* was decided under the 1986 version of the False Claims Act. *United States v. Allergan, Inc.*, 46 F.4th 991, 996 (9th Cir. 2022). Under that version, "original source" meant "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is

based on the information." 31 U.S.C. § 3730(e)(4)(B) (1986). This standard was superseded by Congress fifteen years ago. *See Silbersher*, 89 F.4th at 1160 ("The 2010 amendments [to the FCA] narrowed the requirements for triggering the public disclosure bar in several important respects."). The current standard is as follows:

> "[O]riginal source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) [(ii)] **who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions**, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B) (2025) (emphasis added).

By permitting relators to bring *qui tam* actions based upon independent knowledge that materially adds to existing public disclosures, Congress altered the legal standard relied upon in *A-1 Ambulance Serv*. As such, *A-1 Ambulance Serv.* is no longer good law for the proposition that a categorical bar exists against the use of expertise to meet the definition of an "original source," at least insofar as the expertise "materially adds" to the existing public disclosures. *See Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003) ("we are not bound by decisions of prior panels if subsequent legislation has undermined those decisions").

Defendants argue that the Ninth Circuit's citation to *A-1 Ambulance Serv.* in an unpublished pre-*Silbersher* decision, *Roe v. Stanford Health Care*, No. 20-55874, 2022 WL 796798 (9th Cir. Mar. 15, 2022), demonstrates that *A-1 Ambulance Serv.* is still good law. Reply at 5:6-10. "Under Ninth Circuit Rule 36-3, this unpublished decision is not precedent." *Lushe v. Verengo Inc.*, No. CV 13-07632 AB (RZ), 2015 WL 500158, at *4 (C.D. Cal. Feb. 2, 2015). Moreover, the alleged "expertise" at issue in *Roe* was "a single experience with incorrect billing that did not even involve a government claim." *United States ex rel. Roe v. Stanford Healthcare Billing Dep't*, No. CV 17-8726 DSF (AFMx), 2020 WL 5033219, at *1 (C.D. Cal. July 13, 2020). There was no indication that it "materially added" to the

existing public disclosures in the case or "filled the gaps" as required by *Silbersher*.

To the extent *A-1 Ambulance Serv.* remains good law, it necessarily only bars "expertise" that fails to "materially add[] to the publicly disclosed allegations or transactions" at issue in a case. 31 U.S.C. § 3730(e)(4)(B). Because the Court found Integra to have satisfied this standard, certification of Defendants' proposed question will not materially advance the ultimate termination of the litigation.

Accordingly, the Court **DENIES** certification of this issue.

**C. Issue No. 3 (Public Disclosure vis-à-vis Obviousness)**

In its order, the Court concluded that "[Defendants'] alleged fraudulent scheme was not obvious prior to Integra putting together each piece of the puzzle." *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *18. From this, Defendants infer that the Court both created and applied a new legal standard of "obviousness" as the relevant threshold for the public disclosure bar to apply. Mot. at 9:12-12:2. In fact, the Court expressly took note of the operative standard as being whether a fraud may be readily inferred from prior public disclosures. *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *17 (citing *Silbersher*, 89 F.4th at 1167-68). The Court went on to hold that Integra met the standard set out in *Silbersher,* wherein the allegedly fraudulent scheme could not be so inferred prior to the relator providing its "missing pieces." *Id.* at *18. In other words, the Court held that Defendants' allegedly fraudulent scheme was neither obvious *nor* readily inferable prior to Integra filling in the gaps. As Defendants concede, a "passing reference" to obviousness is not indicative of a distinct or divergent legal standard being imposed by the Court. Reply at 7:22.

Additionally, although Defendants frame this question as being one of pure law – the difference between "obvious" and "inferable" – their Motion is primarily dedicated to arguing that (a) the combination of CMS's data and the *Winters* case should have satisfied the public disclosure bar, and (b) Integra's analysis and employee interviews were not necessary to reveal Defendants' alleged fraud. *See* Mot. at 10:3-12:2. "Reviewing this issue would require extensive factual review via

essentially a re-screening of Plaintiff's factual allegations in his Complaint … which is the antithesis of a proper § 1292(b) appeal and does not involve a controlling question of law so as to justify certification by this Court for appeal under section 1292(b)." *Semeneck v. Ahlin*, No. 1:09-cv-00566-SMS (PC), 2010 WL 2510996, at *3 (E.D. Cal. June 16, 2010) (internal quotes and citation omitted).

Defendants also neglect to identify a substantial ground for difference of opinion in connection with this issue. They do not suggest the matter is one of first impression, that the Ninth Circuit has not spoken on the issue, or that other circuits have come to conflicting conclusions. *Couch*, 611 F.3d at 633. Instead, they merely "repeat[] the arguments the Court rejected in denying the motion to dismiss, but that simply reflects [their] 'strong disagreement' with the Court's holding." *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 958 (N.D. Cal. 2019).

Lastly, even if the Ninth Circuit were to find for Defendants on the issue of whether the Court used an incorrect standard to evaluate the public disclosure bar, whether Integra has satisfied the correct standard would still remain to be determined upon remand, "meaning an immediate appeal would not necessarily materially advance resolution." *Jackson-Jones v. Epoch Everlasting Plan, LLC*, No. 2:23-cv-02567-ODW (SKx), 2024 WL 3221738, at *5 (C.D. Cal. May 10, 2024).

Accordingly, the Court **DENIES** certification of this issue.

**D. Issue No. 4 (Application of *Loper Bright Enterprises*)**

Defendants' motion to dismiss included an argument that, under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), Defendants were entitled to a controlling presumption of validity as to all physician certifications of medical necessity at the pleading stage. Docket No. 74 at 18:19-21:26. However, as Integra noted in its opposition, none of Defendants' cited authority applied such a presumption at the pleading stage. *See* Docket No. 77 at 23:3-26:14. Accordingly, the Court determined "that the arguments raised are more appropriately resolved on a motion for summary judgment." *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *18.

In their pending Motion, Defendants now contend that the Ninth Circuit should preemptively address their *Loper Bright* argument ahead of further motion practice or trial because it could result in the case "proceed[ing] under a significantly different legal standard" instead of "under a legal framework that may later be overturned." Mot. at 14:13-19. However, Integra correctly points out that the Court has taken no position on what legal framework will be applied in this case. Opp. at 18:15-19:2. Thus, no potentially incorrect legal standard has been articulated, and any decision to certify this question for interlocutory appeal will be in furtherance of obtaining an advisory opinion from the Ninth Circuit, which § 1292(b) is not intended to facilitate. See *Life Ins. Co. v. Reichardt*, 591 F.2d 499, 505-06 (9th Cir. 1979) ("An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties is not an 'order' under 28 U.S.C. § 1292(b) which will support an interlocutory appeal."); *In re Facebook Simulated Casino-Style Games Litig.*, No. 22-16888, 2024 WL 2287200, at *2 (9th Cir. May 21, 2024) ("Section 1292(b) does not displace the prohibition against advisory opinions, which is 'the oldest and most consistent thread in the federal law of justiciability.'") (quoting *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1047 (9th Cir. 2019)).

Because the Court has not reached the issue presented by Defendants for certification, the Order reflects no split in existing authority on the matter, and the alleged novelty of Defendants' question alone does not warrant certification for interlocutory appeal. See *Dees v. Cty. of San Diego*, No. 3:14-cv-0189-BEN-DHB, 2016 WL 8673910, at *3 (S.D. Cal. Sep. 30, 2016) ("The County argues that no federal case has addressed the precise questions at issue. But that is not grounds for finding a substantial ground for disagreement.") (citing *Couch*, 611 F.3d at 634). Moreover, because this question concerns an evidentiary standard, "an interlocutory appeal prior to any discovery would deprive the appellate court of a factual record that likely would aid its consideration of the legal questions presented." *Lenz v.*

1  *Universal Music Corp.*, No. C 07-3783 JF (RS), 2008 WL 4790669, at *3 (N.D. Cal. Oct. 28, 2008); *see also Perez-Cruet v. Qualcomm Inc.*, No. 23-cv-1890-BEN (MMP), 2024 WL 3798391, at *2 (S.D. Cal. Aug. 12, 2024) (noting interlocutory appeal of fact-intensive issues would slow down rather than advance the case).

Accordingly, the Court **DENIES** certification of this issue.

### E. Issue No. 5 (Consideration of Alternative Explanations)

Defendants' motion to dismiss argued that Integra failed to meet the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) based upon Defendants' provision of a purportedly obvious alternative explanation for their conduct. Docket No. 74 at 12:14-18:18. Integra responded that *Twombly* and *Iqbal* do not require it to "rule out" Defendants' alternative explanations, but rather plead factual allegations that remain plausible irrespective of those explanations. Docket No. 77 at 18:19-19:20. Integra further noted that Defendants were not entitled to challenge the plausibility of Integra's allegations based on facts taken from outside the four corners of Integra's Complaint. *Id.* at 19:21-20:8. The Court agreed, holding that "[f]or the reasons stated by Integra, the Court concludes that Integra has adequately stated its claims for relief in accordance with Federal Rules of Civil Procedure 8 and 9(b) and that the arguments raised [by] Defendants] are more appropriately resolved on a motion for summary judgment." *Nelson*, 2025 U.S. Dist. LEXIS 15258, at *18.

Based on the foregoing, Defendants erroneously claim that the Court refused to apply *Twombly* and *Iqbal* to Integra's Complaint simply because the Order did not contain express findings regarding why Defendants' alternative explanations did not overwhelm Integra's factual allegations. Mot. at 15:3-16:17. But the Court was not required to provide Defendants with any such reasoning in its Order. *See, e.g., Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-05696 CRB, 2011 WL 2690437, at *2 (N.D. Cal. July 8, 2011) ("The April 22, 2011 Order held that Amaretto's UCL claim was 'plausibly pleaded.' That means that this Court held that

the UCL claim was, as pleaded, factually and legally viable. It is true that the Court did not provide a discussion of its reasoning, but such is not required.").

In short, the Court did not defer application of *Twombly* and *Iqbal,* but rather found the evidentiary issues raised by Defendants' arguments inappropriate to resolve under *Twombly* and *Iqbal.* Defendants believe that their arguments should defeat the alleged plausibility of Integra's allegations. However, their dissatisfaction with the Court's application of *Twombly* and *Iqbal* "is not a controlling question of law, but a mixed question of law and fact." *Doe,* 2024 WL 4375776, at *1 (denying certification where order required considering alleged facts to find they sufficed under relevant pleading standard). As one district court aptly summarized:

> It may be true that the application of *Iqbal/Twombly*'s "plausibility" standard to the allegations set forth in a complaint presents a question of law, and that a ruling in defendants' favor on that issue would be "controlling" to the extent it would require the dismissal of plaintiffs' complaint. But this is not the kind of controlling question of law generally appropriate for interlocutory appeal, given that it involves application of a well-established and undisputed legal standard to an agreed-upon issue. Indeed, given the frequency with which district courts are called upon to apply those standards, permitting interlocutory appeals from every ruling on a Rule 12(b)(6) motion to dismiss based on the courts' possible misapplication of those standards would undermine the final judgment rule entirely.

*A.B. By & Through Turner,* 2024 WL 4933345, at *4.

The parties do not appear to dispute any question of law regarding the Ninth Circuit's legal standards for applying *Twombly* and *Iqbal.* Defendants disagree only with the Court's finding, *sub silentio* or otherwise, that Integra presented sufficient allegations to overcome Defendants' purported alternative explanations, and this "disagreement with the court's application of the law 'does not establish a substantial ground for difference of opinion' sufficient to justify interlocutory appeal." *Reyes Rendon v. T-Mobile USA, Inc.*, No. 2:24-cv-01666-FLA (KSx), 2024 WL 5256491, at *3 (C.D. Cal. Nov. 4, 2024) (citing *Couch,* 611 F.3d at 633).

Lastly, the Court finds certifying this question for appeal merely to confirm

the established contours of *Twombly* and *Iqbal* would not materially advance the ultimate termination of the litigation. *Ballard v. Citadel Servicing Corp.*, No. 8:22-cv-01679-FWS-ADS, 2024 WL 4404950, at *5 (C.D. Cal. Sep. 3, 2024) (finding certification unwarranted when the answer to the certified question would "not necessarily alter the way the court applies the law to the facts of this case.").

Accordingly, the Court **DENIES** certification of this issue.

## IV. DEFENDANTS' REQUEST FOR A STAY IS MOOT

Because the Court declines to certify its Order under § 1292(b), Defendants' request for a stay pending such appeal is **DENIED** as moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Certify the Court's January 27, 2025 Order for Interlocutory Appeal Under 8 U.S.C. § 1292(b) and for Stay (Docket No. 100) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2025

                                           Hon. John F. Walter
                                           United States District Court Judge