GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL R. PALUCH (SBN 287231)
*dpaluch@ghplaw.com*
DANIEL B. LIFSCHITZ (SBN 285068)
*dlifschitz@ghplaw.com*
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff and Relator
INTEGRA MED ANALYTICS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel,* INTEGRA MED ANALYTICS LLC,

Plaintiff,

v.

WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO WINTER, INC.; VILLA DEL RIO CENTER, INC.: WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,

Defendants.

Case No.: 2:21-cv-05265-JFW-RAOx

**~~[PROPOSED]~~ PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION AND CONFIDENTIAL INFORMATION**

[Stipulation submitted concurrently]



GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This FCA action alleges a "patient recycling scheme" by Defendants, implicating sensitive materials. Plaintiff's claims rely on statistical models, government communications, patient-level data, financial records, communications with current and former employees of Defendants, and internal analyses. Unrestricted disclosure of this information is critical to Defendants' ability to challenge the allegations, and to Plaintiff's ability to prove up its claims. Both Plaintiff's and Defendants' production will include protected health information as defined in 45 C.F.R. § 160.103 and individually identifiable information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or the provisions of 42 U.S.C. § 1306 ("Protected Health Information" or "PHI"), claims data, operational policies, and internal leadership communications, the public release of which could harm patient privacy, competitive standing, and litigation claims or defenses. A protective order is justified under FRCP 26(c) to expedite discovery, resolve confidentiality disputes, ensure production of entitled information, protect entitled information, and permit reasonable use in preparation for and conduct of trial, while ensuring designations are made in good faith and not for tactical delay or obstruction of discovery.

**C. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence

supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2. DEFINITIONS**

2.1 Action: This pending federal lawsuit, Case No. 2:21-cv-05265-JFW-RAOx.

2.2 Challenging Party: A Party or Non-Party challenging a designation under this Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including PHI (e.g., patient records, identifiers), proprietary or financial information (e.g., trade secrets, statistical models, algorithms, government communications, financial records, claims data, operational policies, internal leadership communications, raw data sets), where the Designating Party reasonably believes public disclosure would cause specific, identifiable harm. This excludes information foundational to claims or defenses (e.g., statistical analyses or patient data subsets identified in pleadings or discovery responses) unless specific justification is provided at designation.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 "Unredacted Complaint" means the unredacted version of the original complaint filed by Relator on June 29, 2021, containing personally identifiable information and/or PHI, which is to be maintained as confidential pursuant to the Joint Stipulation to Maintain Confidentiality of Pleadings Filed Under Seal (ECF No. 45) and this Protective Order.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

This Order applies to all materials responsive to pending discovery requests, including those previously withheld pending its entry, which must be produced within fourteen (14) days of this Order's entry unless objected to on non-confidentiality grounds, with failure to comply subject to sanctions absent good cause.

For the avoidance of doubt, this Protective Order applies to the Unredacted Complaint. The Unredacted Complaint shall be deemed "CONFIDENTIAL" under this Order and treated in accordance with all provisions applicable to Protected Material.

//

//

**4. DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For materials foundational to a party's claims or defenses, such as statistical data, analytical methodologies, or witness statements identified in pleadings or discovery responses, the Designating Party must provide a brief written justification for the designation at the time of production.

Mass, indiscriminate, tactical, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or made for an improper purpose (e.g., to unnecessarily encumber the case development process or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Sanctions apply for frivolous designations or failure to justify foundational material designations.

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

If a Designating Party learns that designated information does not qualify for protection, it must promptly notify all other Parties and withdraw the designation.

5.2 Manner and Timing of Designations.

Except as otherwise provided in this Order or stipulated, Disclosure or Discovery Material that qualifies for protection must be clearly designated before disclosure or production. Designation requires:

(a) For documentary information, the Producing Party must affix "CONFIDENTIAL" to each page containing protected material. If only a portion qualifies, the protected portion(s) must be clearly identified (e.g., by margin markings). For materials produced in native format (e.g., Excel, PowerPoint), the Producing Party must include a written notice identifying specific protected portions with production. Within seven (7) business days of production, the Producing Party must provide a log (e.g., privilege log or confidentiality index) listing each designated document (by Bates number) and the specific basis for designation (e.g., trade secret, PHI, competitive harm). Failure to comply waives the designation unless good cause is shown.

(b) For deposition testimony, the Designating Party must identify protected testimony on the record before the deposition closes.

(c) For other tangible items, the Producing Party must affix the "CONFIDENTIAL" legend on the container or identify protected portions to the extent practicable.

A Party or Non-Party making original documents available for inspection need not designate them until after the inspecting Party selects documents for copying. During inspection, all materials are deemed "CONFIDENTIAL." After selection, the Producing Party must designate qualifying documents before production.

\\

\\

5.3 Inadvertent Failures to Designate.

If timely corrected, within 10 days of discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges

Any Party or Non-Party may challenge a confidentiality designation at any time consistent with the Court's Scheduling Order.

6.2 Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The Designating Party must respond in writing within seven (7) business days, justifying the designation with particularity. Parties are encouraged to pursue Judge Oliver's informal discovery dispute resolution process (joint email to RAO_Chambers@cacd.uscourts.gov before filing a motion), per her procedures.

6.3 Burden and Resolution

The burden of persuasion in any challenge proceeding rests on the Designating Party proving confidentiality via declaration within fourteen (14) days of challenge notice, detailing specific harm (e.g., competitive injury, privacy breach) per FRCP 26(c). Frivolous challenges or those made for improper purposes may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the designation, all parties shall treat the material as CONFIDENTIAL until the Court rules. If the parties cannot resolve the dispute within fourteen (14) business days of the initial challenge notice, either party may file a motion under Local Rule 37, provided disputes are raised at least four (4) weeks before the discovery cutoff per the District Judge's scheduling order. For foundational

materials (e.g., statistical data or methodologies underlying claims), the Court may expedite review to ensure timely access.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles

A Receiving Party may use Protected Material only for prosecuting, defending, or settling this Action. Such material may be disclosed only to authorized persons under this Order and must be stored securely.

### 7.2 Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered or permitted by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" information only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2)

they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) For foundational materials underlying a party's claims or defenses (e.g., statistical data, patient data subsets, or analytical methodologies identified in discovery responses), the Receiving Party may disclose redacted or de-identified versions to additional persons as reasonably necessary for litigation (e.g., experts or counsel staff), provided PHI is protected per HIPAA and trade secrets are safeguarded; Plaintiff's personnel must sign Exhibit A to access Defendants' foundational materials, and Defendants' personnel may access Plaintiff's foundational materials without signing Exhibit A if previously known to them. To the extent there is any inconsistency between Exhibit A to the Joint Stipulation to Maintain Confidentiality of Pleadings Filed Under Seal and Exhibit A to this Protective Order, the terms of this Protective Order shall control, and Exhibit A hereto shall govern acknowledgments going forward.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party bears the burden of seeking protection and must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d) If a Party seeks to obtain financial information about another Party from a third party in this Action via subpoena under FRCP 45, the subpoenaing Party must notify the affected Party within five (5) business days of issuance, providing a copy of the subpoena. The affected Party may object within seven (7) days, triggering a meet-and-confer under Local Rule 37.1 and, if unresolved, Judge Oliver's informal dispute resolution process (joint email to RAO_Chambers@cacd.uscourts.gov). Such subpoenas must demonstrate specific relevance to claims or defenses (e.g., funding of statistical analyses for Plaintiff or operational practices for Defendants), and the affected Party may move to quash under FRCP 45(d)(3) if unduly burdensome or unrelated to FCA allegations. Any third-party material produced shall be designated 'CONFIDENTIAL' and subject to this Order unless the Court rules otherwise.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

\\

\\

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Defendants may seek third-party discovery of Plaintiff's financial information relevant to claims or defenses, with Non-Parties encouraged to produce under this Order's protections. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify within five (5) days of discovery requests in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. TERMS SPECIFIC TO PROTECTED HEALTH INFORMATION**

10.1 This Order is a Qualified Protective Order under 45 C.F.R. § 164.512(e).

10.2 PHI use is restricted to this litigation, including all appellate proceedings or the expiration of time to commence such appellate proceedings ("Litigation"). Covered entities as defined in 45 C.F.R. § 160.103 ("Covered Entities") may disclose PHI responsive to discovery to authorized persons, including de-identified data sets where feasible.

10.3 Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the Health Insurance Portability and Accountability Act ("HIPAA"), the parties and the parties' legal counsel in this case, the employees and agents of each party and each party's legal counsel in this case, and all non-party Covered Entities are expressly and specifically prohibited from using or disclosing PHI in accordance with this order for any purpose other than the Litigation.

10.4 Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the parties' legal counsel in this case and the employees and agents of each party and each party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena duces tecum.

10.5 Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

litigation service provider ("service providers"), engaged by a party or a party's legal counsel in this case. The protections and requirements of Paragraphs 4 and 9 of this Protective Order apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service provider to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this court's jurisdiction during the pendency of this case for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non- compliance.

10.6 Service providers must sign Exhibit A and comply.

10.7 Except for business associate agreements (as defined by HIPAA) entered into by a party or a party's legal counsel for purposes of satisfying the requirements of Paragraph 11 above, the uses and disclosures of PHI authorized under this Protective Order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this Protective Order shall be deemed to require the execution of a business associate agreement (as defined by HIPAA). The intent of this Protective Order is that such business associate agreements, including any requirement for such agreements under the HIPAA regulations, should be construed as inapplicable to uses and disclosures under this Protective Order and as limited only to uses and disclosures of PHI outside of this Protective Order.

## 11. TERMS SPECIFIC TO PROPRIETARY INFORMATION

11.1 Production does not waive confidentiality rights.

11.2 Objections to designations must be raised within fourteen (14) days, followed by meet-and-confer. The Designating Party must justify via motion with a declaration within fourteen (14) days thereafter, or protection lapses. Failure to produce responsive documents after designation lapses incurs sanctions unless good

cause is shown. Parties are encouraged to use Judge Oliver's informal resolution process before motion practice.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The Unredacted Complaint shall not be filed publicly or attached to any filing unless redacted or filed under seal pursuant to Local Rule 79-5. The parties agree that the Unredacted Complaint qualifies as Protected Material under this Order and that good cause exists to maintain its confidentiality.

**13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

\\



GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

**14. MISCELLANEOUS**

14.1 Right to Further Relief

Nothing in this Order abridges the right of any person to seek modification by the Court for good cause.

14.2 Right to Assert Other Objections

This Order does not affect a party's right to object to discovery on other grounds.

14.3 Filing Protected Material

Without Designating Party consent, Protected Material may not be filed publicly. A party seeking to file Protected Material must follow Local Civil Rule 79-5. For foundational materials, the filing party may propose redactions to avoid sealing where practicable, subject to Court approval.

**15. FINAL DISPOSITION**

Within 60 days of the Action's termination, each Receiving Party must return or destroy all Protected Material, including copies, and provide written certification. Defendants may retain copies of foundational materials necessary to defend against subsequent claims or investigations arising from this litigation, provided such materials remain subject to this Order. Counsel may retain archival copies of pleadings, motions, transcripts, exhibits, legal memoranda, correspondence, drafts, raw data, or work product containing Protected Material, subject to this Order's protections.

**16. VIOLATION**

Any violation of this Order may be punished by appropriate measures, including contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 13, 2025

Respectfully submitted,

*/s/ Daniel R. Paluch*

GIPSON HOFFMAN & PANCIONE
Daniel R. Paluch
Daniel B. Lifschitz

*Attorneys for Plaintiff and Relator*

Dated: May 13, 2025

*/s/ Matthew Donald Umhofer*

UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
Eugene Lim

*Attorneys for Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 5/14/2025

Rozella A. Oliver

HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4932-0527-3140, v. 4
4932-0527-3140, v. 4

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ___________ [date] in the case of *United States of America and the State of California, ex rel., Integra Med Analytics LLC, v. William Nelson, an individual, et al.*, 2:21-cv-05265-JFW-RAOx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________