GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL B. LIFSCHITZ (SBN 285068)
dlifschitz@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff and Relator
INTEGRA MED ANALYTICS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel*, INTEGRA MED ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO GARDENS, INC.; VILLA DEL RIO CENTER, INC.; WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,<br><br>Defendants. | Case No.: 2:21-cv-05265-JFW-PVC<br><br>**DECLARATION OF DANIEL LIFSCHITZ IN SUPPORT OF PLAINTIFF INTEGRA MED ANALYTICS LLC'S MOTION TO AMEND SCHEDULING ORDER**<br><br>Hearing Date: March 2, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br>Judge: John F. Walter<br><br>Pretrial Cont.: July 17, 2026<br>Trial Date: August 4, 2026 |

# DECLARATION OF DANIEL LIFSCHITZ

I, Daniel Lifschitz, hereby state and declare:

1. I am over the age of 18 and have personal knowledge of the matters contained herein and if called to testify, would do so competently.

2. I am a member of the Bar of the State of California and am an attorney at the law firm of Gipson Hoffman & Pancione APC—attorneys for the Relator Integra Med Analytics LLC ("Integra") in the above-captioned action. Except where stated, I have personal knowledge of the facts outlined below and, if called to testify, could and would competently testify thereto.

3. Over the last five months, Integra has been diligently pursuing discovery to obtain the medical and financial records of patients subject to Defendants' scheme, which are central to Integra's case. However, because Integra's allegations are based on anonymized CMS data, Integra has never possessed relevant patients' names or their original identification numbers from Defendants' facilities.

4. In an effort to identify Defendants' patients and in turn facilitate the production of patient-level data from Defendants, Integra reached out to CMS to request so-called "crosswalk data" that would connect Integra's information set to Defendants' information set. While this effort with CMS was undertaken, the parties also worked closely together to determine whether, using Integra's proprietary code, Defendants could cross-reference various fields in CMS's anonymized admission and demographic information to manually identify relevant patients.

5. In August of 2025, Integra proposed that Defendants either search for patient records using available information in CMS's data (e.g., number and duration of patients' visits to Defendants' facilities), or simply produce all patient records and let Integra figure out its case. However, Defendants rejected both approaches with generalized averments of burden.

6. Defendants have additionally refused to produce any documents responsive to Integra's more targeted discovery requests, despite said requests having been solicited by Defendants to facilitate settlement.

7. During the parties' meet-and-confer efforts over these requests, Defendants contended that they needed access to Integra's proprietary source code in order to match CMS's anonymized visit data to Defendants' internal records.

8. Accordingly, from September to November of 2025, Integra worked extensively with Defendants to ensure they were able to utilize Integra's source code and parse the CMS data for purposes of patient identification and record collection. Integra provided Defendants with the raw CMS dataset, the source code, related ancillary materials, and a "how to" guide on using the source code to navigate the CMS data, in response to Defendants' repeated demands for additional materials.

9. On November 19, 2025, Defendants confirmed that they were able to use Integra's source code to match CMS's data to their patient records, writing that "using the data points available in the source-code materials, we have worked with our client on a fairly reliable workflow to match CMS-anonymized IDs to actual patients." Defendants confirmed that "[t]he process is workable," such that Integra believed the parties could proceed with utilizing Defendants' workflow to produce records for a reasonable sample of relevant patients despite CMS's lack of cooperation in facilitating identification or production of the sought crosswalk dataset. A true and correct copy of this e-mail is attached hereto as **Exhibit A**.

10. For the next month, Integra repeatedly pushed Defendants to follow through on their commitments, and Defendants gave no indication that they were poised to abandon those commitments. Rather, they reiterated that "have been able to identify patients using alternative data points gleaned from the source code" and merely asked if Integra could provide additional data points regarding relevant patients to further expedite the identification and document collection process. A true and correct copy of this e-mail is attached hereto as **Exhibit B**.

11. Integra duly complied, providing Defendants on December 10, 2025 with a list of all relevant scheme patients totaling fewer than 800 in number.

12. On December 16, 2025, Defendants produced its first – and, to date, only – batch of responsive medical records for a handful of "test case" patients, which was itself deficient. Integra proposed that, given the issues with Defendants' document production and the collection work yet to be performed, the parties should consider a further modification of the case schedule. Defendants rebuffed Integra, stating they would not stipulate to any such modification. A true and correct copy of this e-mail is attached hereto as **Exhibit C**.

13. However, on December 23, 2025, Defendants sandbagged Integra by stating that, contrary to all prior representations, they had now determined the process of identifying and collecting patient records was too burdensome, and that they were therefore refusing to produce any further records. Although Integra is now working towards compelling their production, it will take time to resolve.

14. Defendants compounded Integra's predicament by indicating they would also be slow-walking updated responses to critical interrogatories, which Integra had been requesting for many months and which Defendants had repeatedly promised to produce only to consistently miss their own self-imposed deadlines. Defendants' amended responses were not fully provided under January 26, 2026.

15. Defendants' failure to timely supplement their concededly incomplete interrogatory responses has significantly hampered Integra's ability to identify key deponents at Defendants' facilities and thereby craft its deposition strategy.

16. In light of the fact that Integra had no realistic ability to obtain modification of the current scheduling order between Defendants' sandbagging and the deadline to disclose its expert witnesses under Fed. R. Civ. P. 26(a)(2)(A), Integra used the intervening time to focus on ensuring its experts' opinions were tailored to the lack of medical and financial documents produced by Defendants.

Notably, Defendants' opening expert reports state that the very limited patient records they have produced to date are "not exhaustive."

17. The parties are currently working through numerous other discovery disputes that are unlikely to be resolved prior to the current discovery cutoff.

18. In December of 2025, Defendants served belated discovery requests asking Integra to identify which of Defendants' former employees supplied certain allegations in Integra's Complaint. Integra objected based on work product protection and cited multiple supporting legal authorities, Defendants apoplectically claimed in response that Integra's objections were depriving them of critical information necessary for use in imminent third-party depositions and threatened to seek *ex parte* relief due to the constraints of the case schedule. The parties are currently attempting to resolve Defendants' demands short of Court intervention.

19. On January 13, 2026, the parties attend oral argument before Judge Castillo regarding a joint motion filed under Local Rule 37-3 concerning three separate areas of disputed discovery. The parties are awaiting the Court's ruling on that motion. However, with just over six weeks left in the discovery period, there is a significant possibility that the Court's ruling will be of limited actionability.

20. On January 16, 2026, counsel for Integra learned that Defendants intended to depose a Rule 26 witness (Pinky Biag) who was represented by an unlicensed attorney, Edwin R. Vasquez. Although alerted to this fact ahead of time, counsel for Defendants demurred and indicated that they would proceed with the deposition, knowing (as confirmed during the deposition itself) that an unlicensed practitioner was guiding the witness and acting as her representative in the litigation. Mr. Vasquez is believed to have counseled at least two other witnesses, one of whom was deposed on January 29, 2026 (Elida Agatep) and one of whom is scheduled to be deposed on February 6, 2026 (Imelda Julian). Ms. Agatep provided demonstrably false testimony favorable to Defendants during her deposition, raising significant concerns from Integra regarding potential witness tampering by Mr. Vasquez.

21. On February 2, 2026, I received a phone call from Eugene Lim, counsel for Defendants, indicating that Defendants intend to move the Court *ex parte* to supplement the parties' under-submission motion to compel with Judge Castillo. Mr. Lim subsequently sent an e-mail confirming this call and Defendants' intended filing. A true and correct copy of this e-mail is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 2nd day of February, 2026 in Los Angeles, CA.

_____
Daniel Lifschitz