# Exhibit C

(To Declaration of Daniel Lifschitz)

 Outlook

**EXTERNAL - RE: EXTERNAL - RE: EXTERNAL - United States ex rel. Integra Med Analytics, Inc. v. Nelson, et al., Case No. 2:21-cv-05265-JFW-ROAx, Defendants' Discovery Requests [IMAN-DMSDB1.FID168399]**

| | |
|---|---|
| From | Eugene Lim <eugene@umklaw.com> |
| Date | Thu 2025-12-18 11:21 AM |
| To | Daniel B. Lifschitz <dlifschitz@ghplaw.com>; Sarah Cork <scork@corkmaloney.com>; Jacqueline Fox <jfox@ghplaw.com>; Hanna Sherman <hsherman@ghplaw.com> |
| Cc | Matthew Umhofer <matthew@umklaw.com>; Elizabeth Mitchell <elizabeth@umklaw.com>; Patrick Nitchman <Patrick@umklaw.com>; Jon Powell <jon@umklaw.com>; Madeline Matson <maddi@umklaw.com> |

Dan,

We appreciate you making the travel arrangements to meet next week. We are available on **December 23 at 1:00 pm** at our offices to meet and confer.

Regarding the conditions outlined in your email, we must respectfully decline. We cannot agree to stipulate to a safety net extension based on the timing of Integra's identification of patients. As you know, this case has been pending since 2021 and was unsealed in April 2024. We are now approaching 2026. Our clients have been operating under the weight of this litigation for years. While we understand your perspective on billing, it overlooks the realities of complex FCA cases like this one, where protected delays inescapably spawn new tasks and recurring carrying costs, on top of the inefficiencies of maintaining an open matter. Furthermore, for a healthcare provider, the operational disruptions, business uncertainty, and reputational shadow of prolonged FCA litigation are significant costs that compound *daily*. We cannot agree to voluntarily prolong that burden.

As an outsider Relator relying on data mining, Integra bears the burden of identifying the specific patients it alleges were fraudulently treated. Discovery does not require Defendants to reverse-engineer your data to identify the subjects of your own lawsuit. Integra has had ample time since unsealing to obtain the necessary CMS key to identify the patients underlying its own allegations. The failure to do so until now is not good cause to disrupt the trial schedule—which has already been amended once—or prejudice Defendants.

You mentioned providing a full patient list. To be clear, a spreadsheet of anonymized DESY_SORT_KEYs with tens of thousands of data points does not constitute a patient list for the purpose of document production. As we've expressed over multiple meet and confers, Defendants cannot reasonably be expected to reverse-engineer your data to deduce which patients Integra intends to identify. Regardless of the accuracy such an exercise might yield, the burden of performing that complicated analysis rests solely with Integra. If and when Integra provides a list of actual patient names and dates of birth, Defendants will promptly proceed with the review and production of relevant, non-privileged files within a reasonable time in the ordinary course of business.

Regarding search terms, we do not believe the platform migration prevents a review of the search terms themselves, as we are looking for your input on the syntax and scope rather than technical implementation of standard ESI search terms. Please send us your substantive comments by **Friday, December 19**, so that we can have a productive discussion on the 23rd and maximize the value of our meeting.

We look forward to the discussion and welcome addressing any concerns with our interrogatory responses. We reserve all rights.

Best,
Eugene

---

**EUGENE LIM**
*Senior Associate*



Phone: (213) 394-7979
Email: eugene@umklaw.com

Office at the ROW DTLA
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
UMKLaw on LinkedIn

www.umklaw.com

---

**From:** Daniel B. Lifschitz <dlifschitz@ghplaw.com>
**Sent:** Wednesday, December 17, 2025 5:18 PM
**To:** Eugene Lim <eugene@umklaw.com>; Sarah Cork <scork@corkmaloney.com>; Jacqueline Fox <jfox@ghplaw.com>; Hanna Sherman <hsherman@ghplaw.com>
**Cc:** Matthew Umhofer <matthew@umklaw.com>; Elizabeth Mitchell <elizabeth@umklaw.com>; Patrick Nitchman <Patrick@umklaw.com>; Jon Powell <jon@umklaw.com>; Madeline Matson <maddi@umklaw.com>
**Subject:** Re: EXTERNAL - RE: EXTERNAL - United States ex rel. Integra Med Analytics, Inc. v. Nelson, et al., Case No. 2:21-cv-05265-JFW-ROAx, Defendants' Discovery Requests [IMAN-DMSDB1.FID168399]

Hi Eugene,

I will be cancelling my holiday plans to attend an in-person meeting at your offices on December 23rd. At that time, we can also meet and confer regarding Defendants' non-supplementation of their interrogatory responses and a motion to amend the scheduling order. We have no issue with "a focused, intensive period of discovery to get our work done" if (a) Defendants are able to commit to an expeditious production of all relevant patient files upon receiving our full patient list and (b) Defendants will agree to stipulate to an extension in the event the relevant timetable is not met. Our concern is that Defendants will not produce these critical documents in time for our experts to do their work and relevant depositions to be scheduled, and we must safeguard against that possibility. We don't understand your position regarding the case getting more expensive to litigate based on the length of time it has been pending, as we assume you bill your clients by task rather than by term of engagement. Regardless, we are happy to discuss all of these issues in more detail on the 23rd.

With respect to your other inquiries regarding our document collection, I will confirm the details of the FedRAMP porting process with Integra, but we cannot commit to providing comments regarding your proposed searches by December 19th, as we first need access to the FedRAMP platform to confirm there are no technical issues with implementing your structured queries. Once the changeover has been completed, we will test the platform and then revert back with our comments.

Best,
Dan

**Daniel Lifschitz, Esq.**

**Gipson Hoffman & Pancione, APC**
1901 Avenue of the Stars, Suite 1100, Los Angeles, CA  90067
Phone: (310) 556-4660 | Direct Line: (310) 557-8820 | Fax: (310) 556-8945
Email:  dlifschitz@ghplaw.com  |  Website: www.ghplaw.com



**Disclaimer**: *This message contains information which may be confidential and privileged. If you are not the intended recipient, you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please notify the sender by reply e-mail and then delete the message.*