GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL B. LIFSCHITZ (SBN 285068)
*dlifschitz@ghplaw.com*
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone:  (310) 556-4660
Facsimile:   (310) 556-8945

Attorneys for Plaintiff and Relator
INTEGRA MED ANALYTICS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and
THE STATE OF CALIFORNIA, *ex rel,*
INTEGRA MED ANALYTICS LLC,

Plaintiff,

v.

WILLIAM NELSON, an individual;
VICKI ROLLINS, an individual;
TORRANCE CARE CENTER WEST,
INC.; GLENDORA GRAND, INC.;
CENTINELA GRAND, INC.; LONG
BEACH CARE CENTER, INC.;
PACIFIC VILLA, INC.; FLOWER
VILLA, INC.; CENTURY VILLA,
INC.; VILLA DEL RIO GARDENS,
INC.; VILLA DEL RIO CENTER,
INC.: WEST COVINA MEDICAL
CENTER, INC.; L.A. DOWNTOWN
MEDICAL CENTER, INC.,

Defendants.

**DISCOVERY MATTER**

**DECLARATION OF DANIEL LIFSCHITZ IN SUPPORT OF PLAINTIFF INTEGRA MED ANALYTICS LLC'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO SUPPLEMENT THE RECORD OF PENDING MOTION TO COMPEL [DKT. NO. 146] AND FOR SANCTIONS BASED ON NEW EVIDENCE AND PRECLUSION SANCTIONS**

Courtroom: 590
Judge: Pedro V. Castillo

Discovery Cutoff: March 23, 2026
Pretrial Conf.: July 17, 2026
Trial Date: August 4, 2026

Past Hearing Date: January 13, 2026
Time: 10:00 a.m
Location: 255 East Temple Street
5th Floor
Los Angeles, CA 90012

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1
DECLARATION OF DANIEL LIFSCHITZ IN SUPPORT OF PLAINTIFF INTEGRA MED ANALYTICS LLC'S
OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

# DECLARATION OF DANIEL LIFSCHITZ

I, Daniel Lifschitz, hereby state and declare:

1.    I am over the age of 18 and have personal knowledge of the matters contained herein and if called to testify, would do so competently.

2.    I am a member of the Bar of the State of California and am an attorney at the law firm of Gipson Hoffman & Pancione APC—attorneys for the Relator Integra Med Analytics LLC ("Integra") in the above-captioned action. Except where stated, I have personal knowledge of the facts outlined below and, if called to testify, could and would competently testify thereto.

3.    Many of the facts relevant to Defendants' second *ex parte* application were already attested to in connection with Defendants' first *ex parte* application.

4.    After the deposition of Elida Agatep on January 29, 2026, Integra revisited its internal document collection related to its communications with the third party witnesses listed in its February 10, 2025 initial disclosures.

5.    On February 6, 2026, Integra retrieved additional correspondence between itself and Imelda Julian and provided copies of said correspondence to its counsel that same morning. When it became apparent that Ms. Julian had not provided these materials to Defendants despite being subpoenaed months earlier for her relevant documents, Integra's counsel produced the newly retrieved materials to defense counsel during that deposition.

6.    Integra's use of correspondence with Ms. Julian at her deposition on February 6, 2026 could not have legitimately surprised Defendants, as they had already been apprised that Integra was withholding its correspondence with the third parties witnesses from its initial disclosures (including Ms. Julian) as work product. As such, it was completely foreseeable that Integra would use that work product, in whatever form it took, for purposes of refreshing witness recollection, having already done so the previous week with Ms. Agatep.

DECLARATION OF DANIEL LIFSCHITZ IN SUPPORT OF PLAINTIFF INTEGRA MED ANALYTICS LLC'S
OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1570035.1 - 06302.00001

7.    The witness correspondence at issue in Defendants' *ex parte* was in the custody of Integra employee Dammon Crim. Until several months ago, Integra's document collection was overseen by Matt Byrnes, who was employed with Integra for approximately a decade prior to leaving the company. Integra was not aware that certain documents from Mr. Crim's inbox had been overlooked for collection until said collection was revisited to prepare for relevant witness depositions. Mr. Crim recently returned from paternity leave and is currently scheduled to be deposed by Defendants later this month.

8.    There is no deadline in the case schedule for the substantial completion of document production, nor for the production of a "final" privilege log. In fact, Defendants rejected Integra's prior proposal to implement a mutually-agreed-on substantial completion date. Accordingly, both parties have continued to produce case documents on a rolling basis.

9.    Integra is not aware of Defendants having issued deposition notices for any of the 11 remaining third party witnesses from its initial disclosures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 12th day of February, 2026 in Los Angeles, CA.

_____
Daniel Lifschitz

DECLARATION OF DANIEL LIFSCHITZ IN SUPPORT OF PLAINTIFF INTEGRA MED ANALYTICS LLC'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1570035.1 - 06302.00001