UMHOFER, MITCHELL & KING LLP
Elizabeth A. Mitchell (SBN 251139)
Matthew Donald Umhofer (SBN 206607)
Eugene Lim (SBN 318348)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
elizabeth@umklaw.com
eugene@umklaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NELSON, an individual; VICKI ROLLINS, an individual; TORRANCE CARE CENTER WEST, INC.; GLENDORA GRAND, INC.; CENTINELA GRAND, INC.; LONG BEACH CARE CENTER, INC.; PACIFIC VILLA, INC.; FLOWER VILLA, INC.; CENTURY VILLA, INC.; VILLA DEL RIO GARDENS, INC.; VILLA DEL RIO CENTER INC.; WEST COVINA MEDICAL CENTER, INC.; L.A. DOWNTOWN MEDICAL CENTER, INC.,<br><br>Defendants. | Case No. 2:21-cv-05265-JFW-PVCx<br><br>**JOINT STATEMENT RE MEET AND CONFER IN ANTICIPATION OF DEFENDANTS' MOTION FOR CLARIFICATION (L.R. 7-3)**<br><br>Judge: John F. Walter<br>Courtroom: 7A<br><br>Pretrial Conf.: February 19, 2027<br>Trial Date: March 16, 2027 |

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to this Court's Standing Order (Dkt. No. 6), Defendants William Nelson, Vicki Rollins, Torrance Care Center West, Inc., Glendora Grand, Inc., Centinela Grand, Inc., Long Beach Care Center, Inc., Pacific Villa, Inc., Flower Villa, Inc., Century Villa, Inc., Villa Del Rio Gardens, Inc., Villa Del Rio Center Inc., West Covina Medical Center, Inc., and L.A. Downtown Medical Center, Inc. (collectively, "Defendants") and Relator Integra Med Analytics LLC ("Relator" or "Integra"), through counsel, hereby submit their joint statement regarding the parties' meet and confer efforts concerning Defendants' anticipated Motion for Clarification of the Court's Statement of Decision Granting Plaintiff's Motion to Amend Scheduling Order ("Statement") (Dkt. No. 159) and the Court's Amended Scheduling and Case Management Order ("Amended Scheduling Order") (Dkt. No. 164). The Parties jointly state as follows:

## I. The Contemplated Motion

1. Defendants seek to file a motion for clarification under the Federal Rule of Civil Procedure 60(a) and the Court's inherent authority as to whether the Court intended its Amended Scheduling Order (Dkt. No. 164) to reset already-lapsed expert disclosure and report deadlines when the Court extended fact discovery pursuant to Integra's own motion to amend.

## Defendants' Position

2. In moving to amend, Integra represented to this Court that, "**No Deadlines Sought for Extension Have Expired**" (Mot. at 13:2-9, Dkt. No. 136) and that it "would only seek to *supplement*" already-exchanged expert reports "based on the proceeds of discovery" (Id. at 13 n.1) (italics added). The Court credited these representations in its Statement of Decision and found no prejudice to Defendants in part because the extension concerned only fact discovery and supplementation of

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

existing reports—not reopening lapsed expert deadlines. (Statement at 11:3–12:22, Dkt. No. 159.) Thus, this Court ruled:

> Under Fed. R. Civ. P. 26(e), parties 'are permitted to **supplement** their expert reports in light of new information obtained during the discovery process.' . . . In the event Integra produces **supplemental** expert reports, Defendants will remain free to challenge their propriety under Fed. R. Civ. P. 26(e) at the appropriate time. The mere prospect of this challenge occurring does not provide a standalone basis to prohibit an extension of the **fact discovery period** now.

(Id.) (emphasis added).

3.       Defendants contend that the Court's Statement of Decision (Dkt. No. 159) indicates that the Court intended only to extend fact discovery and permit supplementation of existing expert reports—not to reopen expert disclosure deadlines that had already expired. The new expert deadlines, which appear only from reading the Amended Scheduling and Case Management Order (Amended Scheduling Order, Dkt No. 164), appear to be a mechanical artifact of the Court's standard template order (Scheduling & Case Mgmt. Order, Dkt. No. 47, Am. Scheduling & Case Mgmt. Order, Dkt. No. 115), not a deliberate ruling. Because Integra assured the Court that it was not seeking to reopen these deadlines, the template order's automatic population of new expert dates appears to be inconsistent with both the relief requested and the relief granted.

## Relator's Position

4.       Under both Rule 60(a) and the Court's inherent authority, a motion to correct the Amended Scheduling Order must seek to address an arithmetic, spelling, or clerical error, not obtain a substantive change of the Court's prior determinations. Neither the Amended Scheduling Order nor the Statement of Decision contains any language reflecting an intent not to reset lapsed deadlines, as would be required for a reset of the expert disclosure deadlines to be aberrant or inconsistent therewith. To the

_JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)_

contrary: the Amended Scheduling Order expressly pushes out lapsed deadlines impacted by the forthcoming discovery that was the basis for Relator's Motion to Amend—for example, the deadlines for conducting a mediation and filing a joint report regarding the results of said mediation. Thus, the Amended Scheduling Order recognizes the practicalities of litigation associated with the forthcoming discovery, including by promoting settlement efforts as informed by the new discovery and obviating the need for the parties to burden the court with Rule 16 motions for good cause if the new discovery reveals the need for additional expert testimony.

5.      Defendants have not identified either a reason to assume one lapsed deadline reset (for mediation) was intentional while another lapsed deadline reset (for experts) was inadvertent, nor any portion of the Court's Statement of Decision that expresses a limiting intent with respect to these deadlines. As such, the Statement of Decision is not inconsistent with the Amended Scheduling Order and provides no basis to conclude that the Court made an arithmetic, spelling, or clerical error. Defendants' issue with the Amended Scheduling Order is therefore substantive, not procedural.

## II. Meet and Confer History

6.      Defendants first raised this issue in a written communication on March 20, 2026, identifying the apparent discrepancy in the Scheduling Order and first proposing a joint stipulated motion for clarification to resolve the matter without burdening the Court. Alternatively, Defendants requested dates to meet and confer under Local Rule 7-3 and the Court's Standing Order.

7.      Between March 24 and 26, 2026, the parties corresponded regarding the legal basis for the contemplated motion and the scheduling of the in-person conferral required under Local Rule 7-3.

8.      On March 26, 2026, Defendants indicated to Integra that they would be seeking a motion to correct a clerical mistake under Rule 60(a). Integra accordingly prepared to discuss relief under Rule 60(a) at the parties' in-person conferral.

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

9.    On April 1, 2026, the parties agreed to hold their in-person conferral on April 10, 2026.

10.    The in-person meet and confer took place on April 10, 2026, at the offices of Integra's counsel, Gipson Hoffman & Pancione, 1901 Avenue of the Stars, Suite 1100, Los Angeles, California 90067. Present for Defendants were lead counsel Elizabeth Anne Mitchell and Eugene Lim. Present for Integra were lead counsel Daniel Boris Lifschitz, Hanna Sherman, Stacey Klein, and Sarah Cork. The conference lasted approximately 35 minutes. It was followed up by an email exchange between counsel, on April 15-17, addressing the parties' respective arguments and authorities.

11.    During the in-person conference, on April 10, the parties discussed the substance of Defendants' contemplated motion, including the legal bases under Rule 60(a) and the Court's inherent authority to clarify its own orders. Defendants contended that the Scheduling Order's automatic inclusion of new expert deadlines was a clerical artifact of the standard template and was inconsistent with the Court's stated reasoning in its Statement of Decision. Integra disagreed and contended that the expert deadlines were intentionally reset. The parties were unable to reach a resolution.

12.    Prior to the in-person conference, Defendants provided Integra with legal authority relating to relief under Rule 60(a) of the Federal Rules of Civil Procedure, which Integra disagreed would support Defendants' contemplated motion. At the in-person conference, Defendants raised the right to relief under the Court's inherent legal authority to clarify its orders. Integra raised an objection that Defendants had not previously raised or provided legal authority related to this claimed basis for relief. Integra requested additional time to research the "inherent authority" issue, and Defendant agreed to provide additional caselaw. Both sides agreed to exchange legal authority in the following week.

13.    On April 15, Defendants provided representative legal authority supporting their position via email.

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

14.   On April 16, 2026, Integra's counsel responded via email reiterating its substantive objections to Defendants' Rule 60(a) position and contending that the inclusion of expert deadlines was deliberate.

15.   On April 17, 2026, the parties exchanged additional emails. Defendants offered to further meet and confer if Integra believed it would be helpful. Integra's counsel declined and contended that Defendants had not adequately disclosed the "inherent authority" basis at the in-person conference. Defendants provided Integra with case law related to the Court's inherent authority to clarify its orders.

16.   On April 20, 2026, Integra requested until April 22, 2026 to review and consider Defendants' case law.

17.   On April 22, 2026, Integra informed Defendants that it did not believe Defendants' case law raised a right to relief beyond that afforded by Rule 60(a), and thus maintained its opposition to Defendants' contemplated motion.

### III. Issues Discussed and Remaining

18.   During the meet and confer, the parties discussed Defendants' anticipated argument that the Amended Scheduling Order (Dkt. No. 164) contains a clerical error warranting correction: specifically, that the Court's standard template automatically populated new initial expert disclosure and report deadlines, notwithstanding the Court's Statement of Decision (Dkt. No. 159), which addressed only the extension of fact discovery and the supplementation of existing expert reports.

19.   The parties agree that this dispute concerns the proper interpretation of the Amended Scheduling Order in light of the parties' motions and the Court's Statement of Decision, and whether either Rule 60(a) or the Court's inherent authority provide a basis to clarify, interpret, amend, or correct the Amended Scheduling Order under the circumstances. The parties agree that this dispute cannot be resolved by further meet and confer.

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

Dated: April 24, 2026          Respectfully submitted,

                                         */s/ Elizabeth A. Mitchell*
                                         UMHOFER, MITCHELL & KING, LLP
                                         Elizabeth A. Mitchell
                                         Matthew Donald Umhofer
                                         Eugene Lim

                                         *Attorneys for Defendants*

Dated: April 24, 2026

                                         */s/  Daniel B. Lifschitz*
                                         GIPSON HOFFMAN & PANCIONE
                                         Daniel B. Lifschitz

                                         *Attorney for Relator*

7

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*

## <u>ATTORNEY ATTESTATION</u>

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 24, 2026                    Respectfully submitted,


                                         /s/ Elizabeth A. Mitchell
                                         Elizabeth A. Mitchell

                                         *Attorneys for Defendants*

*JOINT STMT. RE MEET & CONFER IN ANTICIPATION OF DEFS.' MOT. FOR CLARIFICATION (L.R. 7-3)*